UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY TUCKER,

                Petitioner,

      -v.-                                       9:06-CV-0001
                                                   (LEK/GHL)

TIMOTHY H. COWAN,

                Respondent.

APPEARANCES:

GREGORY TUCKER
Petitioner, *pro se*

LAWRENCE E. KAHN, U.S. District Judge

## DECISION AND ORDER

### I. Background

The Clerk has sent to the Court a Petition for a Writ of Habeas Corpus brought by Petitioner Gregory Tucker ("Petitioner") pursuant to 28 U.S.C. § 2254, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1 & 2. Petitioner is presently confined at the Onondaga County Justice Center and has not paid the filing fee required for this action.[1]

The document submitted by the Petitioner, which the Court construes liberally as a Petition for a Writ of Habeas Corpus,[2] contains four short paragraphs, but contains little or no information. Paragraph 2 merely states "Ineffective Assistance, Prosecutorial Misconduct, Judicial Misconduct." Dkt. No. 1, at ¶ 2.

---

[1] At the time the Petition was filed, Petitioner was incarcerated at Jamesville Correctional Facility. See Dkt. No. 2, at 1.

[2] *Pro se* pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972).

## II. Petition

Rule 2 of the Rules Governing Habeas Corpus Proceedings provides:

(c) **Form**. The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

A review of the Petition reveals that it fails to satisfy the requirements of the above-mentioned Rule. The Petition does not provide any information whatsoever regarding the conviction being challenged. Petitioner does not indicate where and when he was convicted, or the nature of the offense that is being challenged. Moreover, while Petitioner seems to specify grounds for this habeas Petition, he does not "state the facts supporting each ground." Petitioner does not set forth what steps he took to exhaust his available state court remedies. Finally, Petitioner does not state the relief that he requests.

Since the Petition plainly does not comply with the requirements of the above-mentioned rule, and for the reason stated above, Petitioner is advised that unless he files an Amended Petition **within thirty (30) days** of the date of the filing of this Order, this action will be dismissed without further Order of this Court. In this regard, the Clerk is directed to provide Petitioner with a blank § 2254 habeas petition. Petitioner shall fully complete each and every part of the blank petition, including those portions which require him to state the name and location of the court which entered

the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence received, the grounds upon which the petition is based, and the facts supporting each ground.  The Petition must also clearly list the dates on which the Petitioner properly **filed** any application for state post-conviction or other collateral review concerning the subject conviction, and when each individual application was **denied**.  Petitioner must also inform the Court of what steps he took to appeal from the decisions regarding his conviction and/or his applications for post-conviction relief, and provide the dates that each appeal was **filed** as well as the date the appeal was **decided**.  **Any petition filed by the Petitioner in response to this Order that does not specifically include the information noted above will be stricken from the Court's docket, thereby resulting in the dismissal of this Petition.**

Petitioner is cautioned that no portion of any prior petition shall be incorporated into his Amended Petition by reference.  Petitioner should include all relevant information in the Amended Petition and may not incorporate by reference information contained in exhibits in an attempt to set forth the facts relevant to his habeas challenge.  Moreover, Petitioner shall submit only one Amended Petition in accordance with the terms of this Order.

### III.  Application to Proceed *in forma pauperis*

Turning to Petitioner's *in forma pauperis* application, the Court grants the application. However, the Court notes that when Petitioner filed his habeas Petition, he failed to include any filing fee.  A review of Petitioner's *in forma pauperis* application reveals that he had sufficient funds at the time this action was commenced to pay the filing fee due herein.[3]  See Dkt.

---

[3] Petitioner indicates that he had $30.26 in a checking or savings account.  Dkt. No. 2 at ¶ 3.

No. 2. Therefore, Petitioner is directed to submit the full filing fee of **$5.00** in order to proceed with this action.

The Petitioner is further advised that if he fails to comply with the terms of this Order and timely pay such fee, his Petition will be deemed abandoned and dismissed without further order of this Court.

### IV.  Conclusion

WHEREFORE, it is hereby

**ORDERED**, that Petitioner's request to proceed with this action without prepayment of the filing fee is **DENIED**.  Petitioner is directed to submit the filing fee of **$5.00** to the Clerk within **thirty (30) days** of the date of the filing of this Order; and it is further

**ORDERED**, that Petitioner's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that Petitioner file with the Court **within thirty (30) days** from the date of the filing of this Order, an Amended Petition which complies fully with Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts, as detailed above.  The Clerk is directed to provide Petitioner with a blank § 2254 habeas Petition in this regard; and it is further

**ORDERED**, that if Petitioner fails to file an Amended Petition and submit the $5.00 filing fee **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to Petitioner's failure to comply with the requirements of the above-mentioned Rule and this Order; and it is further

**ORDERED**, that upon full compliance by the Petitioner with this Order as directed above, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by regular mail.

**IT IS SO ORDERED**.

DATED:   February 07, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge